UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:11 CR 155 CDP |
| vs. | ) | |
| | ) | |
| DOUGLAS MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION FOR
DISCLOSURE OF STATEMENTS BY DEFENDANT'S MEDICAL PROVIDERS**

Comes now the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, and for its Reply to Defendant's Motion for Disclosure of Statements by Defendant's Medical Providers, states to this Honorable Court as follows:

1. Defendant has requested that this Court enter its Order requiring the government to provide copies of FBI Special Agent reports relative to the agents' interviews of defendant's treating physicians. These reports were prepared by the agents, have not been reviewed, adopted, or approved by the treating physicians, and do not fall within the Jencks Act, Title 18, U.S.C. Section 3500 as it relates to the anticipated testimony of these treating physicians. These Special Agent reports are not discoverable, and it would be unfair to hold these treating physicians responsible for the information the agents determined to include in their reports.

2. The government understands from representations made before this Court that defendant's prior counsel, Mr. Joseph Hogan, had discussions with defendant's treating physicians in the past. Defendant now states that counsel for these treating physicians "was uncertain whether

1

they would provide similar statements" at this time.  The government has no control over whether these treating physicians will once again speak with defendant's counsel, and whether or not they choose to speak with Mr. Goldstein before he has an opportunity to cross examine them during the scheduled November 9, 2011 Hearing should not govern this Court's decision on whether the government should be required to disclose the FBI agents' reports.

3.    The government has taken great strides to provide all records and reports in its possession relative to the defendant's medical care by these treating physicians and the staffs at St. Luke's Medical Center and St. Luke's Rehabilitation Center.  Defendant's consulting physician, Dr. Barzilai, can review those records and reports should he care to prior to the scheduled hearing. The government would have believed that Dr. Barzilai already reviewed these records and reports in conjunction with his August, 2011 consult with the defendant in Cleveland, and in forming his opinions as set forth in his October 24, 2011 letter to this Court.  If he did not, then it would appear that he is confident in his own consultation such that he is in no need of reviewing the findings and conclusions of defendant's St. Louis treating physicians.  Certainly, there can be no good faith basis for Dr. Barzilai to need to review the Special Agents' reports, as opposed to the treating physicians' actual records and reports which have been provided to defendant previously.

4.    As to defendant's suggestion that by signing a medical release he understood he would be entitled to the Special Agents' reports, the government made no such representation at any time in its discussions with prior counsel, Mr. Hogan.  The only representation the government made was that it would make all medical records and reports obtained through the release available to defendant, which the government has done.  The government made those records and reports available to Mr. Hogan, and now the government has made those records and reports available to

Mr. Goldstein and Ms. Freter.  The government has neither requested, nor believes it is entitled to any notes or reports memorializing any of defendant's various counsels' discussions with defendant's treating physicians, or with defendant's consulting physician, Dr. Barzilai.  Similarly, there is no basis in the law for defendant to expect to obtain the government's notes or reports of its own interviews with these physicians.

WHEREFORE, the United States of America prays that this Honorable Court overrule and deny Defendant's Motion for Disclosure of Statements by Defendant's Medical Providers, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


*s/Hal Goldsmith*
HAL GOLDSMITH #62501
Assistant United States Attorney
111S. 10th Street, Room 20.331
St. Louis, Missouri 63102
(314) 539-2200